# CIRCUIT COURT OF THE CITY OF ROANOKE

Lamar Advertising
of Mobile, Inc.

v.

City of Roanoke

April 13, 2000

Case No. CL99-544

BY JUDGE ROBERT P. DOHERTY, JR.

Petitioner was granted a Writ of Certiorari for a review of a decision of the Board of Zoning Appeals of the City of Roanoke upholding the specific construction of a zoning ordinance by the Zoning Administrator. The Petitioner claims that the ordinance in question, § 36.1-445(a)(3) of the Roanoke City Code, requires that certain outdoor advertising signs must be located at least 250 feet away from each other. Respondent argues that § 36.1-414 of the Roanoke City Code modifies the sign ordinance by requiring that the distance between separate uses, such as signs, must be measured from the closest property lines of the land on which such signs are erected, and not just between the signs themselves. The Court finds in favor of the Petitioners.

The City Attorney properly points out that in cases such as this there is a prima facie presumption that the Board of Zoning Appeals has properly exercised its authority; that great weight is to be given to the consistent construction of the ordinance by the Zoning Administrator; and that the Board's decision should not be overturned unless it applied erroneous principles of law. Despite those pronouncements, the Court must also apply the ordinary rules of construction regarding enactments by legislative bodies.

The Supreme Court of Virginia recently reminded us, in *Lucy v. County of Albemarle*, 258 Va. 118, 129, 516 S.E.2d 480 (1999), that:

In the construction of statutes, the courts have but one object, to which all rules of construction are subservient, and that is to ascertain the will of the legislature, the true intent and meaning of the statute, which are to be gathered by giving to all the words used their plain meaning, and construing all statutes *in pari materia* in such manner as to reconcile, if possible, any discordant feature which may exist, and make the body of the laws harmonious and just in their operation.

Hand in hand with those maxims goes the concept that:

[W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails.

*Thomas v. Commonwealth*, 244 Va. 1, 22-23, 419 S.E.2d 606 (1992).

Guided by these principles, the Court finds that the plain meaning of the language used in § 36.1-445(a)(3) is that despite the fact that the application of other provisions of the Roanoke City Code, including § 36.1-414, might give rise to differing measurements between outdoor advertising signs, those other provisions are specifically deemed to be servient to and overridden by the method of measurement set forth in § 36.1-445(a)(3). The definition of the word "notwithstanding" by the Zoning Administrator and the Board to mean "in addition to" in the context of § 36.1-445(a)(3) is rejected. Section 36.1-445(a)(3) deals with the measurement of distances between signs in a specific manner and thus prevails over the more general conflicting rule of § 36.1-414.

Notwithstanding the above, the Court also finds that the language of § 36.1-445, which in some instances refers to measurements between signs of different types of property to run from the nearest edge of certain rights of way and in other instances to run from boundary lines, property lines, or from other signs, indicates that it was not the intent of the Roanoke City Council to measure all distances between outdoor advertising signs from the closest property line, as argued by the City Attorney. If a change has now occurred from the original intent of the City of Roanoke to limit the specific distances between outdoor advertising signs to 250 feet, then that change can only be accomplished by the action of City Council. City ordinances cannot be created or amended by administrative construction.